IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | ) | |
|---|---|---|
| MACY'S WEST STORES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:16-cv-01040-LO-MSN |
| | ) | |
| <macyskorea.com>, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**REPORT & RECOMMENDATIONS**

This matter is before the Court on Plaintiff Macy's West Stores, Inc.'s Motion for Default Judgment (Dkt. No. 13), pursuant to which Plaintiff seeks an order transferring to Plaintiff control of the domain name macyskorea.com ("Defendant Domain Name"). Having reviewed the record, the undersigned Magistrate Judge makes the following findings and recommends entering default judgment in Plaintiff's favor.

**I.      Background**

Plaintiff Macy's West Stores, Inc. is an Ohio corporation that owns the MACY's and MACYS.COM marks, which have been registered and used for decades by Macy's, Inc. and its subsidiaries (including Plaintiff) for retail and other services. Compl. ¶¶ 1, 8 (Dkt. No. 1). Plaintiff alleges that Macy's, Inc. (including its predecessors) has been engaged in the retail industry since 1858 and has operated an online retail site at macys.com since 1996. *Id.* ¶ 10. Macy's, Inc. also uses multiple trademarks and service marks (collectively, "Macy's Marks") in international commerce. *Id.* ¶¶ 12, 13.

Plaintiff alleges that the Macy's Marks are "valuable assets of Plaintiff," and that Plaintiff and other Macy's, Inc. subsidiaries have "invested significantly to protect the Macy's name and marks in the United States and numerous other countries." Compl. ¶ 15 (Dkt. No. 1). According to Plaintiff, the term "Macy's" is "immediately identified by the general consuming public as originating from Macy's, Inc. and its subsidiaries, including Plaintiff." *Id.* ¶ 14.

Since April 2013, macyskorea.com has been registered to SJcompany in Korea. *Id.* ¶ 2; Ex. 1 (Dkt. No. 1-1). By incorporating Plaintiff's famous marks, Plaintiff claims that the Defendant Domain Name is "confusingly similar to, and dilutive of, the federally registered and incontestable MACY'S and MACY'S.COM marks and it violates Plaintiff's exclusive trademark and service mark rights in the MACY'S Marks." *Id.* ¶ 16. As a result, Plaintiff claims that the Defendant Domain Name is diverting Internet users to its web site, macyskorea.com, which sells merchandise similar to, and in competition with, Macy's products and services for SJcompany's commercial gain. *Id.* ¶¶ 17, 18, 32, 35. Because the content on macyskorea.com is not controlled by Macy's, Inc. or its subsidiaries (including Plaintiff), Plaintiff alleges that the content is likely to confuse consumers about the source, sponsorship, affiliation, or endorsement of the macyskorea.com web site. *Id.* ¶¶ 19, 32.

On August 12, 2016, Plaintiff filed suit under the Anti-cybersquatting Consumer Protection Act ("ACPA") in an effort to regain control of the Defendant Domain Name. Compl. 7 (Dkt. No. 1). Seeking to proceed *in rem* against the Defendant Domain Name pursuant to the ACPA, Plaintiff obtained an order from the Court (*see* Dkt. No. 7) granting Plaintiff leave to serve process by email and publication. Plaintiff certified its compliance with that order on October 7, 2016. *See* Aff. (Dkt. No. 8); *see also* Pl.'s Mot. for an Order to Publish Notice of Action (Dkt. No. 6); Mem. of Law in Supp. of Mot. (Dkt. No. 4).

When no interested party responded, the Clerk of the Court entered default as to macyskorea.com. *See* Clerk's Entry of Default (Dkt. No. 11). Plaintiff filed the instant Motion on November 18, 2016. Defendant did not appear at the December 9, 2016 hearing held on the Motion, and the undersigned Magistrate Judge took the matter under advisement.

**II. Jurisdiction and Venue**

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because it involves a federal question arising under the ACPA, 15 U.S.C. § 1125(d). The Court has *in rem* jurisdiction over the Defendant Domain Name pursuant to 15 U.S.C. § 1125(d)(2)(A) because Plaintiff alleges infringement of its trademark rights, Plaintiff has been unable to obtain *in personam* jurisdiction over the Defendant Domain Name's registrant(s) located in Korea, and Verisign—the registry of the Defendant Domain Name—is located in this District. *See* Compl. ¶ 4 (Dkt. No. 1). Venue is proper under 15 U.S.C. § 1125(d)(2)(C) due to Verisign's presence in this District.

**III. Service of Process**

A plaintiff bringing an *in rem* action under the ACPA may serve process by 1) sending notice of the lawsuit to the listed email and physical addresses of the domain name registrant, and 2) publishing notice of the action as directed by the court. 15 U.S.C. § 1125(d)(2)(A)(ii). Plaintiff obtained leave of the Court to proceed in this manner, *see* Order (Dkt. No. 7), and has certified that it complied with these procedural requirements.[1] *See* Aff. (Dkt. No. 8); Pl.'s Mot. for an Order to Publish Notice of Action (Dkt. No. 6); Mem. of Law in Supp. of Mot. (Dkt. No. 4). Plaintiff has therefore adequately served process pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii) as to the Defendant Domain Name macyskorea.com.

---

[1] Plaintiff also served the Complaint on SJcompany via electronic mail, United States mail, and commercial courier. *See* Pl.'s Mem. in Supp. 2 (Dkt. No. 14).

3

IV. **Standard**

Default judgment is appropriate if the well-pled allegations of the complaint establish that the plaintiff is entitled to relief and the defendant has failed to plead or defend within the time frame set out in the rules. Fed. R. Civ. P. 55; *see also Traffic Names, Ltd. v. Zhenghui Yiming*, No. 14-cv-1607, 2015 WL 2238052, at *4 (E.D. Va. May 12, 2015). By defaulting, the defendant admits the plaintiff's well-pled allegations of fact, which then provide the basis for judgment. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006). Here, as no defendant has answered or otherwise timely responded, the well-pled allegations of fact in the Complaint are deemed admitted.

V. **Discussion and Findings**

A plaintiff bringing an *in rem* action under the ACPA against a domain name must demonstrate that the domain name in question and/or the registrant registered, trafficked in, or used a domain name that is identical or confusingly similar to the plaintiff's distinctive mark, or is identical or confusingly similar to, or dilutive of, the plaintiff's famous mark, with bad faith intent to profit from the mark. *See* 15 U.S.C. § 1125(d)(1)(A); *Enter. Holdings, Inc. v. Enterprisecarrentals.com*, No. 11-cv-1152, 2012 WL 527355, at *5 (E.D. Va. Jan. 30, 2012), *report and recommendation adopted,* No. 11-cv-1152, 2012 WL 527353 (E.D. Va. Feb. 16, 2012).

The first consideration is whether Plaintiff's marks are distinctive. Plaintiff has pled facts to support a finding that its marks are distinctive. Plaintiff has four trademark registrations for the Macy's marks with the United States Patent and Trademark Office. *See* Compl. ¶ 11 (Dkt.

No. 1); Ex. 3 (Dkt. No. 11-3). These federal registrations are *prima facie* evidence that Plaintiff's marks are at the very least distinctive. *See* Compl. ¶¶ 24, 33; *see also Enter. Holdings, Inc. v. Enterprisecarrentals.com*, No. 11-cv-1152, 2012 WL 527355, at *5 (E.D. Va. Jan. 30, 2012), *report and recommendation adopted,* No. 11-cv-1152, 2012 WL 527353 (E.D. Va. Feb. 16, 2012) (citing *America Online, Inc. v. AT & T Corp.,* 243 F.3d 812, 816 (4th Cir.2001)).

The second consideration is whether the Defendant Domain Name is identical or confusingly similar to Plaintiff's marks. *See* 15 U.S.C. § 1125(d)(1)(A). Based on the allegations in the Complaint, there can be little doubt that such is the case here. The Defendant Domain Name incorporates Plaintiff's Macy's marks and adds a geographic term at the end. The Defendant Domain Name is likely to cause confusion among consumers because the "dominant or salient portions" of the Defendant Domain Name and Plaintiff's marks are identical. *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.,* 43 F.3d 922, 936 (4th Cir.1995). The site macyskorea.com sells merchandise that is similar to, and in competition with, Macy's merchandise. *See* Compl. ¶ 18 (Dkt. No. 1). The addition of the geographic term to Plaintiff's marks does not distinguish the Defendant Domain Name because Macy's, Inc. and its subsidiaries (including Plaintiff) are engaged in the retail industry in the United States and abroad. *See* Compl. ¶ 9 (Dkt. No. 1). "An internet user might reasonably assume that the geographic term . . . [was] added to the . . . trademark by the Plaintiff[ ] to identify its geographic location." *Atlas Copco AB v. Atlascopcoiran.com*, 533 F. Supp. 2d 610, 614 (E.D. Va. 2008) (citation omitted). The undersigned therefore finds that the Defendant Domain Name is confusingly similar to Plaintiff's marks. *See id.* ("[A] finding of likelihood of confusion is appropriate despite the fact that collateral portions of the mark may differ.")

The final consideration is whether the Defendant Domain Name was registered, trafficked in, or used with bad faith intent to profit. *See* 15 U.S.C. § 1125(d)(1)(A). Decisions by this Court and the Fourth Circuit have called into question whether a showing of bad faith is required in an *in rem* action such as this. *See, e.g.*, *Globalsantafe Corp. v. Globalsantafe.Com*, 250 F. Supp. 2d 610, 616 (E.D. Va. 2003) ("a showing of bad faith is not required in an *in rem* trademark infringement action under the ACPA"); *see also Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 228-31 (4th Cir. 2002). Regardless, the circumstances of this case, in which an unknown company in South Korea registered a trademark—to which it has no legal right—that incorporates Plaintiff's marks and sells for profit merchandise that is similar to, and in competition with, Plaintiff's merchandise, dictate a finding of bad faith as a matter of common sense. Moreover, Plaintiff pleads facts regarding actions taken by the current registrant of the Defendant Domain Name that demonstrate bad faith pursuant to the factors enumerated in 15 U.S.C. § 1125(d)(1)(B)(i). *See* Compl. ¶¶ 8-10, 12-19, 22-33.

In light of the above, Plaintiff has established that it is entitled to relief under the ACPA. Remedies in an *in rem* action under the ACPA are limited to "forfeiture or cancellation of the domain name or the transfer of the domain name to the owner of the mark." 15 U.S.C. § 1125(d)(2)(D)(i). Plaintiff requests the latter, seeking an order directing Verisign to transfer the Defendant Domain Name to Plaintiff's designated registrar, Network Solutions, LLC, and that Network Solutions, LLC register the Defendant Domain Name in Plaintiff's name and provide Plaintiff with full ownership and control of the Defendant Domain Name. *See* Ex. B (Dkt. No. 13-2). Plaintiff is therefore entitled to the requested order.

## VI. Recommendation

In sum, the undersigned recommends granting Plaintiff's Motion for Default Judgment and entering default judgment in Plaintiff's favor.

## VII. Notice

By means of the court's electronic filing system, and by mailing a copy of this Report and Recommendations to Defendants at their address for service of process, the parties are notified as follows. Objections to this Report and Recommendations must be filed within fourteen (14) days of service on you of this Report and Recommendations. Failure to file timely objections to this Report and Recommendations waives appellate review of the substance of the Report and Recommendations and waives appellate review of a judgment based on this Report and Recommendations.

/s/
Michael S. Nachmanoff
United States Magistrate Judge

December 15, 2016
Alexandria, Virginia